11 CIV 4582

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DAVID FRATIANNE,

                      Plaintiff(s),

      -against-

THE CITY OF NEW YORK and
POLICE OFFICER CHRISTOPHER LEMBO
SHIELD NO. 1469 OF THE 10TH PRECINCT,

                      Defendant(s),
------------------------------------------------------------------X

Index No.

VERIFIED COMPLAINT

The plaintiff, complaining of the defendants, by his attorneys, HACH & ROSE, LLP, respectfully shows to this Court and alleges:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant Civil, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6. The plaintiff, is a United States citizen and is a resident of the United States, State of New York, and the County of New York.

7. Defendant, the City of New York (hereinafter referred to as NYC), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individual defendant, POLICE OFFICER CHRISTOPHER LEMBO SHIELD NO. 1469 OF THE 10TH POLICE PRECINCT (hereinafter referred to as LEMBO) was a duly sworn police officer of said police department and was acting under the supervision of said police department and according to his official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendant, LEMBO, alleged herein were done by said defendant while acting within the scope of their employment by defendant NYC.

12. Each and all of the acts of the defendant, LEMBO, alleged herein were done by said defendant while acting in furtherance of their employment by defendant NYC.

## FACTS

13. Upon information and belief, on or about January 30, 2011 at approximately 10:00 PM, plaintiff was walking home from a restaurant.

14. Upon information and belief, on the above date, just prior to 10:00 PM, plaintiff received a summons for jay walking while attempting to avoid a large pile of snow at an intersection in the vicinity of the 10th Police Precinct of the New York City Police Department.

15. Upon information and belief, at the above time, plaintiff went to the 10th Police Precinct of the New York City Police Department in order to lodge a complaint for what he believed to be an improperly issued summons.

16. Upon information and belief, defendant LEMBO, who was accompanied by a number of additional police officers, who were unknown to plaintiff, prevented the plaintiff from entering the aforementioned police precinct.

17. Upon information and belief, defendant LEMBO, as well as the aforementioned unknown police officers, intentionally struck the plaintiff about the face and body throwing plaintiff to the ground causing a laceration to the plaintiff's lip, as well as considerable pain and suffering.

18. Upon information and belief, the defendants, through the actions of defendant LEMBO did seize the plaintiff's person without probable cause.

19. Upon information and belief, plaintiff was placed in handcuffs and escorted into the police precinct in front of numerous members of plaintiff's community.

20. Upon information and belief, plaintiff was held in excess of twelve hours before being produced by the New York City Police Department for Arraignment in the Criminal Court of the County of New York.

21. Upon information and belief, at no time while in police custody was the plaintiff provided with medical treatment for his injury which was caused by defendant LEMBO.

22. Upon information and belief, defendant LEMBO did intentionally and falsely complete a sworn statement stating that plaintiff was acting in a disorderly manner and resisted arrest.

23. Upon information and belief, shortly after arraignment, plaintiff accepted an adjournment of contemplation of dismissal in order to resolve the matter without the need to make any further court appearances or acknowledgement of any wrongdoing.

## PENDENT STATE CLAIMS

24. That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about April 26, 2011.

25. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

26. That this action is commenced within one year and ninety days after the cause of action arose.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C.§ 1983

27. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by defendant LEMBO in his capacities as a police officer, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by defendant LEMBO in his capacities as a police officer, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

33. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to a laceration to the lip, bruising and pain to the face and body, continued pain and suffering, mental anguish, and anxiety.

34. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.