36. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

38. The acts complained of were carried out by defendant LEMBO in his capacities as a police officer with malice.

39. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to a laceration to the lip, bruising and pain to the face and body, continued pain and suffering, mental anguish, and anxiety.

40. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT

41. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

42. On the above mentioned date, defendant LEMBO did forcibly prevent the plaintiff from exiting the Police Precinct where plaintiff was taken to for arrest processing as well as the New York County County Criminal Court Central Booking facility with plaintiff's knowledge and without the plaintiff's consent.

43. Upon information and belief, defendant LEMBO had no justifiable reason to detain, or cause plaintiff's detention.

44. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to a laceration to the lip, bruising and pain to the face and body, continued pain and suffering, mental anguish, and anxiety.

45. Each and all of the acts of defendant LEMBO alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

46. The acts complained of were carried out by defendant LEMBO in his capacities as an employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

47. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

<u>FOURTH CAUSE OF ACTION FOR ASSAULT AND BATTERY AND FOR VIOLATION FO THE PLAINTIFF'S RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT</u>

48. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

49. Upon information and belief, defendant LEMBO did place plaintiff in fear of physical injury by his conduct without plaintiff's consent and in violation of the Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

50. Upon information and belief, defendant LEMBO did make physical contact with plaintiff's person against plaintiff's will by striking plaintiff.

51. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to a laceration to the lip, bruising and pain to the face and body, continued pain and suffering, mental anguish, and anxiety.

52. Each and all of the acts of defendant LEMBO alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

53. The acts complained of were carried out by defendant LEMBO in his capacities as an employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

54. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

## FIFTH CAUSE OF ACTION FOR DEFAMATION, LIBEL AND SLANDER PER SE

55. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

56. On the above-mentioned date, the defendants, through the actions of defendant LEMBO, made false and defamatory statements that plaintiff was acting in a disorderly manner and resisted arrest to members of the New York County District Attorney's Office, resulting in injury to plaintiff, including to his reputation.

57. The statements of the defendant were defamatory per se and cast aspersions upon the basic character and integrity of plaintiff.

58. Each and all of the acts of defendant LEMBO alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

59. The acts complained of were carried out by defendant LEMBO in his capacities as an employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

60. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

## SIXTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT NYC

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

62. That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, particularly defendant LEMBO in that the said defendant lacked the experience, deportment and ability to be employed by defendant NYC; in that the defendant failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant LEMBO who lacked the mental capacity and the ability to function as employee of defendant NYC; in that the defendant NYC failed to investigate the above named defendant's background and in that it hired and retained as employees of their police department individuals who were unqualified in that the defendant lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

63. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to a laceration to the lip, bruising and pain to the face and body, continued pain and suffering, mental anguish, and anxiety.

64. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

Dated: New York, New York
June 21, 2011

Yours, etc.,

Michael Fineman, Esq.
HACH & ROSE, LLP
Attorney for Plaintiff(s)
185 Madison Avenue, 14th Floor
New York, New York 10016
T.212.779.0057
F.212.779.0028

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID FRATIANNE,

                                                    Plaintiff(s),

-against-

THE CITY OF NEW YORK and POLICE OFFICER CHRISTOPHER LEMBO,

                                                    Defendant(s).

---

**HACH & ROSE, LLP**
Attorneys for Plaintiff(s)

**DAVID FRATIANNE**
185 Madison Ave, 14th Floor
New York, NY 10038
Tel. (212) 779-0057
Fax. (212) 779-0028

---

Service of a copy of the within     **SUMMONS AND COMPLAINT**     is hereby admitted.
Dated:

................................................................
Attorneys for:

---

PLEASE TAKE NOTICE

☐ That the within is a (certified) true copy of a
  Entered in the office of the Clerk of the within named court on _____ 20____

☐ That an Order of which the within is a true copy will be presented for settlement to the Hon.
  one of the judges of the within named Court,
  at
  on _____ 20____ at _____ M.

Dated:                **HACH & ROSE, LLP**
                      Attorneys for Plaintiff(s)
                      DAVID FRATIANNE

185 Madison Avenue, 14th Floor
New York, New York 10016

---